193 So.2d 791

**GREATER LIVINGSTON WATER COMPANY**

v.

**LOUISIANA PUBLIC SERVICE COMMISSION.**

No. 48413.

Jan. 16, 1967.

Joseph H. Kavanaugh, Baton Rouge, Henry Mentz, Jr., Mentz & Ford, Tom Matheny, Pittman & Matheny, Hammond, for defendants-appellants.

Solomon S. Goldman, New Orleans, for amicus curiae.

Burton, Roberts & Ward, Charles William Roberts, Baton Rouge, for plaintiff-appellee.

HAMITER, Justice.

Involved in this case is a request to the Louisiana Public Service Commission for a rate increase by the Greater Livingston Water Company which services some 3000 customers over a 300–400 square mile area in Livingston Parish.

The increase was denied by the Commission through a two to one vote of its members. Thereafter, such ruling was reversed by the district court, and the Commission prosecuted the instant appeal.

The factual determination and legal conclusions of the trial judge, in holding that

the company was entitled to the increase sought, are cogently set forth in his "Reasons for Judgment" as follows: "Greater Livingston Water Company is a non-profit corporaticn domiciled in Livingston Parish, Louisiana. On March 1, 1962, the company purchased water works which had been operated by some ten different concerns in Livingston Parish. These systems were purchased for a total of $1,042,700.00. The company then contracted for the improvement and expansion of the system at a cost of $879,386.32 and did additional expansion work at a cost of $55,674.10.

"On the same date, the company issued and sold $2,600,000.00 of bonds, secured by a lien and pledge of the revenues and a mortgage on the system. The company then began to charge certain rates. Some two and one-half months later, the company reduced its rates.

"In January of 1963, the Louisiana Public Service Commission ordered the company to show cause why its rates should not be adjusted. The company excepted to the jurisdiction of the Commission. This was litigated, and the Supreme Court ruled that the company is subject to the jurisdiction of the Commission. Greater Livingston Water Company v. Louisiana Public Service Commission, 246 La. 273, 164 So.2d 325. Subsequently, on February 17, 1965, the water company filed an application for authority to restore the rates which it had originally charged. The matters were con-

solidated for trial before the Commission. When this matter was heard by the Commission, several opponents appeared and offered evidence, including representatives of the Village of Albany and the City of Denham Springs. Also, various holders of bonds issued by the water company intervened. By order, dated July 18, 1966, the Commission, with Commissioner Knight dissenting, denied the water company's application.

"To fix reasonable and just rates requires first a determination of the proper rate base. A review of the record in this matter shows that this case is very similar in theory to the cases of Morehouse Natural Gas Company v. Louisiana Public Service Commission, 242 La. 985, 140 So.2d 646, and 245 La. 983, 162 So.2d 334.

"In view of the fact that the records of the water systems purchased were inadequate to serve as a basis for determining the actual original costs of the facilities, the water company submitted an inventory of the facilities purchased with estimates of reproduction cost prepared by consulting engineers. The Commission, however, had its own staff make an investigation and report as to the original cost on the basis of an actual inventory and as to the actual operating revenues based on experience. All of this was submitted in evidence. Mr. Simmons Barry, a qualified engineer, testified as to the costs and operations reflected by the schedules attached to the water com-pany's application. Mr. S. I. Nichols, Director of the Utilities Division of the Commission, testified with reference to the investigation and report of the Commission staff. The figures submitted by the water company were less than the price paid for the water systems purchased and the report of the Commission staff showed even less. However, it is apparent even from the evidence of the Commission's own staff that the rates sought by the water company are reasonable and just and the denial of such by the Commission was improper.

"The report of the Commission staff showed the original cost of the facilities purchased to be $776,924.74. To this should be added the items of new construction amounting to $933,229.67, making a total of $1,710,154.41. From this is deducted depreciation of $174,392.15 (covering depreciation on the facilities purchased and adjusted depreciation on the old and new plant since dates of acquisition and construction), leaving a net plant rate base of $1,535,762.26. Although it may be that some allowance should also be made for legal, fiscal and engineering expenses, at least as to the new construction, a decision on these matters is not necessary in this instance. Likewise, this Court does not have to consider the water company's argument on the rate of depreciation. This is so because, from the actual revenues of the water company, the rates requested by the water company would yield it a return of

only 5.93% on the rate base found by the Commission's own staff. Any additions to the rate base or any more deductions from the operating revenues would only serve to reduce the yield and make the rate of return even less.

"Accordingly, this Court finds that Order No. 9714 of the Louisiana Public Service Commission, dated July 18, 1966, is unreasonable and unjust, that the said order is hereby revoked and set aside and that the schedule of rates prayed for in the water company's application to the Commission is hereby authorized and approved. * * *"

We have reviewed the documents filed in evidence and the oral testimony in the record and find that we can add little to the trial judge's observations. Suffice it to say, we too conclude that the records of the water systems purchased are far from adequate to make an intelligent determination as to the original cost. This is clearly evidenced by the testimony of those of the initial owners who appeared at the hearing, as well as by that of Mr. Nichols. Hence, the district judge, in determining the value of the system for the purpose of fixing the rate base, was justified in using the estimated original cost as prepared by the Commission staff under the direction of Nichols.

Consequently, for the reasons set forth by the trial court we approve its conclusion that the rate increase sought by Greater Livingston Water Company was reasonable and just and, further, that the denial of it by the Commission was arbitrary and constituted an abuse of discretion.

When the appeal was argued orally in this court the attorney for the Commission, although he filed a brief here, did not appear personally. However, an appearance was made by counsel for the Village of Albany who urged, primarily, that his client should not be affected by the overall rate; but, rather, that it should have its own individual rate based on circumstances peculiar to it.

We cannot consider such a contention. The matter was heard before the Commission and in the district court on the issue of whether the requested system-wide rate was reasonable. That is all that is before us on this appeal.

Moreover, while representatives of the village appeared at the Commission hearing to oppose the over-all increase (as did those of other municipalities affected) such village did not make a formal intervention to ask to be taken out of the general rate. Nor did it intervene in the instant suit.

Therefore, although the Village of Albany might possibily be entitled to individual relief in another proceeding (and we were informed during oral argument that a suit to achieve this end is pending in the Court of Appeal), it cannot obtain special consideration in this litigation.

For the reasons assigned the judgment of the district court is affirmed.

HAWTHORNE, J., absent.