294 So.2d 501 (1974)
GREATER LIVINGSTON WATER COMPANY
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
No. 53681.
Supreme Court of Louisiana.
April 29, 1974.
Rehearing Denied June 7, 1974.
Karl W. Cavanaugh, Mellon & Cavanaugh, Denham Springs, for plaintiff-appellant.
Marshall B. Brinkley, Gen. Counsel, Louisiana Public Service Commission, Baton Rouge, for defendant-appellee.
SANDERS, Chief Justice.
The Greater Livingston Water Company initiated these proceedings before the Louisiana Public Service Commission seeking a rate increase. The Commission denied the increase, finding that:
1. Throughout its existence, the applicant has operated its water system in such a manner that has caused widespread dissatisfaction of its customers, primarily due to lack of water pressure and sub-standard quality of water;
2. Applicant's water systems were vastly overpriced when consolidated, resulting from the first owners being paid purchase prices far in excess of the original cost of the plant; moreover, a middle man appears to have reaped windfall profits. If the original cost is not known, then an estimate shall be made by qualified engineers at the direction and expense of the company;
3. The customers served by the applicant should not be required to pay an increase in the rates for water service that is unacceptable by them and this Commission, and that rates high enough to service applicant's debt and pay the operating expenses, would be prohibitive. This Commission does not have an obligation to permit a reasonable rate of return on a totally inflated and unrealistic rate base; and
4. The applicant apparently did not make the most efficient use of the monies received from the sale of first mortgage bonds for the purposes of developing a water system to serve the public. Much of this money appears to have been paid to organizers, and others, without substantial benefit to the actual plant.
The Water Company appealed this decision to the Nineteenth Judicial District Court. The district court affirmed the order *502 denying an increase in rates, but remanded the case to the Commission for a determination of "legitimate expenses... and whether they can be met by the present rate structure." The Company now appeals to this Court.
In rate cases, orders of the Louisiana Public Service Commission are entitled to great weight. They should not be disturbed, absent a clear showing of abuse of power. Monochem, Inc. v. Louisiana Public Service Com'n, 253 La. 1047, 221 So.2d 504 (1969); Morehouse Nat. Gas. Co. v. Louisiana Public Serv. Com'n, 245 La. 983, 162 So.2d 334 (1964); United Gas Pipe Line Co. v. Louisiana Public Serv. Com'n, 241 La. 687, 130 So.2d 652 (1961).
In United Gas Pipe Line Co. v. Louisiana Public Serv. Com'n, supra, this Court stated:
"In rate cases such as this, the issue for decision is whether the rate fixed is `reasonable and just.' Article VI, Section 4, Louisiana Constitution of 1921; Gulf States Utilities Co. v. Louisiana Public Service Commission, 222 La. 132, 62 So.2d 250. In resolving this issue, great weight must be accorded to the ruling of the Commission. Courts should act slowly in substituting their own views for those of the expert body charged with the legislative function of rate making, a technical field which embraces far-reaching economic policies. The decision of the Commission should not be disturbed in the absence of a clear showing of abuse of power."
The main contention of the Water Company in this Court is that the Louisiana Public Service Commission declined to follow the rate base used in Greater Livingston W. Co. v. Louisiana Pub. S. Com'n, 250 La. 77, 193 So.2d 791 (1967), a previous rate case of the same utility. The Company asserts that this violates the principle of res judicata.
In that decision, this Court affirmed a rate increase granted by the district court, stating:
"... [T]he records of the water systems purchased are far from adequate to make an intelligent determination as to the original cost. This is clearly evidenced by the testimony of those of the initial owners who appeared at the hearing, as well as by that of Mr. Nichols. Hence, the district judge, in determining the value of the system for the purpose of fixing the rate base, was justified in using the estimated original cost as prepared by the Commission staff under the direction of Nichols."
The evidence in that case was insufficient to establish actual original costs and the propriety of the denial of the rate increase was tested against the Commission staff's own estimate.
As the district judge here pointed out:
"It was determined that the denial was improper even if the Court accepted the rate base as submitted by the Public Service Commission."
The doctrine of res judicata is inapplicable. As Article 2286 of the Louisiana Civil Code specifically provides, "The authority of the thing adjudged takes place only with respect to what was the object of the judgment...." The object of the earlier proceeding was a rate increase. The assumption of a rate base was only an aid in testing the adequacy of the rate. The use of a rate base in this manner does not freeze it for all subsequent rate proceedings of the same public utility.
As noted by the Louisiana Public Service Commission, there are serious issues of inefficiency, inadequate service, and the legitimate costs of the original facilities. The record is far from adequate to resolve these.
In our opinion, the trial judge correctly denied an immediate rate increase. *503 Because of the unsatisfactory state of the record, he did not abuse his discretion in remanding the case to the Louisiana Public Service for additional investigation and evidence.
For the reasons assigned, the judgment of the Nineteenth Judicial District Court, denying the rate increase and remanding the case to the Commission for further investigation and evidence, is affirmed at plaintiff's cost.